IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOUGLAS BRICE JORDAN, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:05-CV-2211-RWS |
| PHIL D. MILLER, Sheriff, | : | |
| Defendant. | : | |

## ORDER

Plaintiff, Douglas Brice Jordan, an inmate at the Douglas County Jail in Douglasville, Georgia, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is presently before the court for a screening pursuant to 28 U.S.C. § 1915A.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations

AO 72A
(Rev.8/82)

are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States, and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992) ("In pleading a Section 1983 action, some factual detail is necessary . . . .").

## II. Plaintiff's Allegations

Plaintiff sues Douglas County Sheriff Phil D. Miller, alleging that the Douglas County Jail is refusing to release funds from his inmate account. According to

Plaintiff, he submitted a request for the jail to release funds from his account and mail checks to a district court in Missouri to pay fees and restitution in his criminal case and to his attorney to pay his retainer. Plaintiff alleges that the jail mailed the two checks, but they have not cleared the bank. Plaintiff contends that he has contacted the recipients of the checks and was informed that one of the checks was not honored when deposited and the other check was deposited by the recipient but still has not cleared the bank. Plaintiff seeks an Order from the Court directing the jail to honor payment for the checks.

III. Discussion

Plaintiff's allegations that the jail will not pay the checks drawn on his inmate account fail to state a claim. An allegation of unauthorized deprivation of property does not state a procedural due process claim where an adequate state remedy exists to address the deprivation. Hudson v. Palmer, 468 U.S. 517 (1984). Plaintiff has not stated a federal constitutional claim because there are adequate post-deprivation remedies in Georgia. Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991); Byrd v. Stewart, 811 F.2d 554, 555 (11th Cir. 1987)("The State of Georgia has created a civil cause of action for the wrongful deprivation of property. O.C.G.A. § 51-10-1").

3

AO 72A
(Rev.8/82)

Therefore, Plaintiff's allegations regarding the jail's refusal to release funds from his account fail to state a claim.

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff be granted in forma pauperis status for the purpose of dismissal only.

**IT IS SO ORDERED,** this  19th  day of October, 2005.


/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE